IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RAUL G. FAVELA | § | |
| VS. | § | CIVIL ACTION NO. 9:17cv187 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Raul G. Favela, an inmate confined at the Connally Unit of the Texas Department of Criminal Justice, Institutional Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## Discussion

Petitioner brings this petition challenging the validity of a disciplinary conviction received while confined at the Lewis Unit.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner relates that he is confined based on convictions received in Galveston County and Brazoria County. Petitioner is currently housed at the Connally Unit which is located in Karnes County, Texas. Petitioner alleges he was convicted of a disciplinary violation at the Lewis Unit Disciplinary Court in Woodville, Texas. However, while the Lewis Unit is located within the jurisdictional boundaries of this court, the Lewis Unit is not a criminal district court with jurisdiction to convict and sentence plaintiff.

As previously stated, the Connally Unit is located in Karnes County, Texas. Pursuant to 28 U.S.C. § 124, Karnes County is in the San Antonio Division of the Western District of Texas. Additionally, both counties of conviction are in the Galveston Division of the Southern District of Texas. Thus, plaintiff has failed to establish jurisdiction exists in this court.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of a disciplinary conviction and is confined in the San Antonio Division of the Western District of Texas and all records and witnesses involving this action may be located in such district, the transfer of this action to such division would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Western District of Texas, San Antonio Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED this the 16th day of November, 2017.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE